IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–00191–EWN–MJW

KIMBERLEY BREAUX,

    Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

    Defendant.

Consolidated for all purposes with Civil Action No. 04–cv–00539–EWN–MJW

LORI CHAMBERS,
CRYSTAL HAMRICK,
MARTIN PERSICHITTE,
ROBERT W. REFFEL, and
MICHAEL WHITEHEAD,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

    Defendant.

**ORDER AND MEMORANDUM OF DECISION**

This is an insurance case. After three years of litigation, including two motions for summary judgment, the facts and claims in the case ought be well-known by all. Accordingly, the court does not repeat them here. This matter comes before the court on "Plaintiff Michael Whitehead's Motion for Attorney's Fees," filed March 7, 2007.

As all involved are well aware, Plaintiffs Kimberly Breaux, Lori Chambers, Crystal Hamrick, Martin Persichitte, and Robert Reffel all settled their cases and dismissed their claims against Defendant American Family Mutual Insurance Company that survived summary judgment. Only Plaintiff Michael Whitehead took his claims against Defendant to trial. He prevailed. On November 2, 2006, after a four-day trial, the jury: (1) found that Defendant had willfully and wantonly breached its insurance contract with Plaintiff Whitehead and had acted in bad faith; and (2) awarded Plaintiff Whitehead $250,000 in noneconomic damages arising out of Defendant's bad faith and $1,000,000 in exemplary damages. (Redacted Jury Verdict, Special Verdict Form B [filed Nov. 2, 2006].) Immediately after the verdict was read, Plaintiff Whitehead recognized that the jury could only award exemplary damages in an amount equal to or less than the amount of compensatory damages awarded and orally moved the court to increase the amount of exemplary damages. (Courtroom Mins. [filed Nov. 2, 2006].) In response, the court deferred entry of judgment and ordered the parties to brief Plaintiff Whitehead's motion. (*Id.*)

On November 16, 2006, Plaintiff Whitehead filed a motion asking the court to: (1) increase the exemplary damages award to the maximum amount available — $750,000 in this case; (2) award attorney fees; (3) award interest; and (4) enter judgment. (Pl. Michael Whitehead's Mot. to Increase Punitive Damages Award and Enter J. [filed Nov. 16, 2006].) On

December 4, 2006, Defendant responded to the motion. (Def.'s Opp'n to Pl. Whitehead's Mot. to Increase Punitive Damages, and Def.'s Br. Regarding Damages Awardable [filed Dec. 4, 2006].) On February 13, 2007, the court granted the motion in part and denied it in part. (Order and Mem. of Decision [filed Feb. 13, 2007].) The court granted the motion as to entry of judgment and postjudgment interest and denied the motion in all other respects. (*Id.*) As is particularly relevant to the motion presently at bar, the court expressly held that Plaintiff Whitehead might have his reasonable attorney fees, subject to this court's determination, "upon filing an application to this court in accordance with Federal Rule of Civil Procedure 54(d)(2) and United States District Court of the District of Colorado Local Rule 54.3." (*Id.* at 23.)

On February 23, 2007, Plaintiff Whitehead filed a motion requesting he be allowed to file his motion for attorney fees out of time, "[up] to and including March 6, 2007." (Uncontested Joint Mot. for Extension of Time for the Parties to File Fed. R. Civ. P. [sic] 59 Mots., for Pl. to File His Bill of Costs, for Pl. to File an Application for Att'y's Fees, and Certificate of Compliance with D.C. Colo. LcivR 6.1[D] and 7.1[A] [filed Feb. 23, 2007].) On February 26, 2007, the court granted Plaintiff Whitehead's motion. (Min. Order [filed Feb. 23, 2007].) On February 27, 2007, the court entered final judgment in Plaintiff Whitehead's favor. (Final J. [filed Feb. 27, 2007] [hereinafter "Final J."].)

On March 6, 2007, Plaintiff Whitehead's counsel filed a declaration, ostensibly in support of a motion for attorney fees "filed contemporaneously [t]herewith." (Decl. of Julie Cliff in Supp. of Pl. Michael Whitehead's Mot. for Att'y's Fees [filed Mar. 6, 2007] [hereinafter "Decl."].)

Perhaps misconstruing the term "contemporaneously,"[1] counsel filed a motion for attorney fees on March 7, 2007 — one day beyond counsel's self-imposed March 6, 2007 deadline. (Pl. Michael Whitehead's Mot. for Att'y's Fees [filed Mar. 7, 2007] [hereinafter "Pl.'s Mot."].)

Plaintiff Whitehead may well now recognize that when he moved the court for permission to file his motion on March 6, 2007, although he styled his motion as a request for an extension of time, it was actually a request for a reduction. As noted above, final judgment entered in this case on February 27, 2007. (Final J.) Federal Rule of Civil Procedure 54 provides that motions for attorney fees must be filed within fourteen days of the entry of judgment, "[u]nless otherwise provided by statute or order of the court." Fed. R. Civ. P. 54(d)(2)(B) (2006). The court notes that fourteen days from February 27, 2007 is Tuesday, March 13, 2007. *See* ACADEMIC WEEKLY SCHOLAR 2006/2007 (Quo Vadis 2006). Accordingly, in keeping with the Federal Rules, March 13, 2007 would have been the due date for any motion for attorney fees Plaintiff Whitehead wished to file, under normal circumstances. Nevertheless, this point is likely moot, as the fourteen-day deadline under Federal Rule 54 only applies "[u]nless otherwise provided by . . . order of the court." Fed. R. Civ. P. 54(d)(2)(B) (2006). By order of this court — indeed, by Plaintiff Whitehead's own request for such an order — Plaintiff Whitehead had "[up] to and including March 6, 2007" to file his motion. (Min. Order [filed Feb. 26, 2007].) Regardless, this point is assuredly moot, because the date March 13, 2007 has passed. *See* Kirk Johnson,

---

[1] "Contemporaneous" generally means "occurring at the same time." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE, UNABRIDGED 491 (Philip Babcock Gove, Ph.D. ed., 1986).

*Colorado has Song in its Heart and not Drugs on its Mind*, THE NEW YORK TIMES, March 14, 2007, at A13.

The court notes that it may only consider an untimely motion for attorney fees if the delay was a result of excusable neglect. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226–27 (2d Cir. 2004); *Thomas v. Bd. of Educ.*, 177 F.R.D. 488, 489 (D. Kan. 1997). As set forth above, Federal Rule 54 establishes the deadline for a motion for attorney fees. "'[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "'excusable neglect.'"  *Thomas*, 177 F.R.D. at 489 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 [1993]). Here, Plaintiff Whitehead has presented neither: (1) reasons why he filed his motion in an untimely manner and failed to file a motion requesting another extension of time; nor (2) arguments that excusable neglect led to the untimeliness of his motion. (*See* Pl.'s Mot.)  Accordingly, the motion must fail.

Even if the court were to deem Plaintiff Whitehead's motion timely, it would still fail as a matter of form. As noted above, on March 6, 2007, Plaintiff Whitehead filed a declaration in support of the motion for fees he filed March 7, 2007. (Decl.) In preparing these submissions, Plaintiff Whitehead's counsel evidently disregarded the court's instruction in its February 13, 2007 order to file any motion for attorney fees "in accordance with [Federal Rule] 54(d)(2) and United States District Court for the District of Colorado Local Rule 54.3." (Order and Mem. of Decision at 23 [filed Feb. 13, 2007].) Local Rule 54.3 reads as follows:

> **A.  Motion Supported by Affidavit.**  Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.

 

**B.** **Content of Motion.** A motion shall include the following for each person for whom fees are claimed:

1. a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
2. a summary of relevant qualifications and experience.

D.C.COLO.L.CivR. 54.3 (2006).

In the declaration, Plaintiff Whitehead's counsel avers to: (1) Plaintiff Whitehead's various counsel's qualifications and professional experience; and (2) the accuracy of *one* of the attached exhibits — Exhibit 6. (Decl.) Plaintiff Whitehead's counsel attached six exhibits to the declaration, five of which are biographies of Plaintiff Whitehead's counsel. (*Id.*) Four of the five biographical exhibits are printouts of certain counsel's entries under the "attorneys" link from the Carey Law Firm Website. (*Id.*, Ex. 1 [Cliff Bio.], Ex. 2 [Carey Bio.], Ex. 4 [Garrison Bio.], Ex. 5 [Ten Pas Bio.].) The final biographical exhibit is a one-page typed document that has at least as much personal information as it does professional information. (*Id.*, Ex. 3 [Woods Bio.].) While the court appreciates that one of Plaintiff Whitehead's counsel lives in Phoenix, is "married to [a] former Channel 10 news anchor," and — depending on one's construction of the last two sentences in the document — has either four or five children, the court is at a loss to ascertain how these qualifications and experiences are "relevant" to the motion at bar within the meaning of Local Rule 54. (*Id.*) Still, application of Local Rule 54 to the content of the declaration is of questionable importance, for it is the declaration itself that is problematic — and problematic on two fronts, at that.

First, as set forth above, Local Rule 54 requires that a motion for attorney fees be supported by an *affidavit*, not a declaration. *See* D.C.COLO.L.CivR. 54.3A (2006). In hopes that it will behoove Plaintiff Whitehead's counsel, the court outlines the difference between the two: a "declaration" is "[a] formal statement, proclamation, or announcement, esp[ecially] one embodied in an instrument;" while an "affidavit" is "[a] voluntary declaration of facts written down *and sworn to by the declarant before an officer authorized to administer oaths.*" BLACK'S LAW DICTIONARY 58, 415 (7th ed. 1999) (emphasis supplied).

Second, the court calls the declaration itself into question. As noted above, Plaintiff Whitehead's counsel only makes representations that one of the exhibits attached to the declaration is "true and correct" — Exhibit 6, which is a one-page summary of each counsel's number of hours worked, rates charged, and total amounts claimed in the motion. (Pl.'s Mot. at 3.) Indeed, the court notes that although Exhibit 6 states that the first counsel listed in the summary charged an hourly rate of $225, a cursory review of the first two pages of the documentation submitted to substantiate this assertion reveals that said counsel charged at least three different rates — $125, $175, and $225 per hour. (Decl., Ex. 6 [Charge Summary], Ex. 6 Attachment 1 [Attorney Bill].) Moreover, Exhibit 6 states that counsel worked 192.75 hours charging an hourly rate of $225, which counsel asserts should total to $40,906.25. (*Id.*, Ex. 6 [Charge Summary].) Relatively simple multiplication reveals that 192.75 times 225 equals a different sum: 43,368.75. But this court went to greater lengths to unravel the mysterious mathematical methods of Plaintiff Whitehead's counsel. Even accounting for the three different rates Plaintiff Whitehead's counsel charged, by this court's calculation using the hours listed in the

substantiating documentation provided, counsel should be seeking $42,268.75 — yet another different sum than the $40,906.25 presented in Exhibit 6. Based on these glaring errors, the court hereby strikes and refuses to consider Exhibit 6. Further, given the fact that Exhibit 6 is the only attachment counsel avers to be "true and correct," the misstatements set forth above call the integrity of the entire declaration into serious question. (Decl. at 3.)

Finally, the most damning problem with Plaintiff Whitehead's submissions is the motion's content, or rather, its lack thereof. The *motion* does not contain the "detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed" required under Local Rule 54.3. D.C.COLO.L.CivR. 54.3B (2006). The required information is absent because it is contained within the improper, and now stricken, Exhibit 6 to the *declaration*. Plaintiff Whitehead's counsel's lack of diligence and utter failure to follow this court's rules — or even this court's explicit instruction to follow its rules[2] — have left the court with nothing by which to adjudge the motion. Unfortunately for Plaintiff Whitehead's counsel, this court can see that the emperor has no clothes.

---

[2]The court underscores that this is not the first time it has had to rebuke Plaintiff Whitehead's counsel for misinterpretation of rules or laws. Throughout the course of this action, the court has, *inter alia*, admonished counsel's: (1) overt failure to comply with this court's practice standards; (2) brazen violation of the Federal Rules of Civil Procedure by attempting to amend Plaintiff Whitehead's complaint in summary judgment briefings; and (3) egregious misrepresentation of statutory interest rates. (*See*, respectively, Order and Mem. of Decision at 5 n.3 [filed Sept. 22, 2005]; Order and Mem. of Decision at 35 [filed Sept. 1, 2006]; Order and Mem. of Decision at 19 [filed Feb 13, 2007].) The court urges Plaintiff Whitehead's counsel to heed court orders more carefully in the future in order to avoid preventable negative outcomes.

Based on the foregoing, it is therefore ORDERED that Plaintiff Whitehead's motion for attorney fees (#231) is DENIED.

Dated this 23rd day of March, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge