IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 04–cv–00191–EWN–MJW

KIMBERLEY BREAUX,

      Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

      Defendant.

Consolidated for all purposes with Civil Action No. 04–cv–00539–EWN–MJW

LORI CHAMBERS,
CRYSTAL HAMRICK,
MARTIN PERSICHITTE,
ROBERT W. REFFEL, and
MICHAEL WHITEHEAD,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
a Wisconsin corporation,

      Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

## FACTS

This is an insurance case.  After more than three years of litigation, including two motions for summary judgment and a trial of Plaintiff Whitehead's claims, the court assumes that the facts of the case are familiar to all.  This matter comes before the court on "Plaintiff Michael Whitehead's Motion for Reconsideration of Order re: [sic] Motion for Attorney's Fees" and "Plaintiff Michael Whitehead's Revised Motion for Attorney's Fees," both filed April 2, 2007.

As all involved ought be well aware, Plaintiffs Kimberly Breaux, Lori Chambers, Crystal Hamrick, Martin Persichitte, and Robert Reffel all settled their cases and dismissed their claims against Defendant American Family Mutual Insurance Company.  Only Plaintiff Michael Whitehead took his claims to trial, where he prevailed.  After a four-day trial, the jury: (1) found that Defendant had willfully and wantonly breached its insurance contract with Plaintiff Whitehead and had acted in bad faith; and (2) awarded Plaintiff Whitehead $250,000 in noneconomic damages arising out of Defendant's bad faith and $1,000,000 in exemplary damages.  (Redacted Jury Verdict, Special Verdict Form B [filed Nov. 2, 2006].)

On November 16, 2006, recognizing limitations on a jury's ability to award exemplary damages, Plaintiff Whitehead moved the court to: (1) increase the exemplary damages award to the maximum amount available — $750,000 in this case; (2) award attorney fees; (3) award interest; and (4) enter judgment.  (Pl. Michael Whitehead's Mot. to Increase Punitive Damages Award and Enter J. [filed Nov. 16, 2006].)  On February 13, 2007, the court granted the motion in part and denied it in part.  (Order and Mem. of Decision [filed Feb. 13, 2007].)  The court granted the motion as to entry of judgment and postjudgment interest and denied the motion in all

-2-

other respects.  (*Id.*)  In its order, the court expressly held that Plaintiff Whitehead might have his

reasonable attorney fees, subject to this court's determination, "upon filing an application to this

court in accordance with Federal Rule of Civil Procedure 54(d)(2) and United States District

Court of the District of Colorado Local Rule 54.3."  (*Id.* at 23.)

On February 23, 2007, Plaintiff Whitehead moved the court to grant him leave to file his

motion for attorney fees out of time, "[up] to and including March 6, 2007."[1]  (Uncontested Joint

Mot. for Extension of Time for the Parties to File Fed. R. Civ. P. [sic] 59 Mots., for Pl. to File his

Bill of Costs, for Pl. to File an Application for Att'y's Fees, and Certificate of Compliance with

D.C. COLO. LCIVR 6.1[D] and 7.1[A] [filed Feb. 23, 2007].)  The court granted Plaintiff

Whitehead's motion.  (Min. Order [filed Feb. 23, 2007].)

On March 6, 2007, Plaintiff Whitehead's counsel filed a declaration in support of a motion

for attorney fees ostensibly "filed contemporaneously [t]herewith."  (Decl. of Julie Cliff in Supp.

of Pl. Michael Whitehead's Mot. for Att'y's Fees [filed Mar. 6, 2007] [hereinafter "Decl."].)  On

*March 7*, 2007, counsel filed a motion for attorney fees.  (Pl. Michael Whitehead's Mot. for

Att'y's Fees [filed Mar. 7, 2007].)  On March 23, 2007, the court denied the motion.  (Order.)

The court reasoned that the motion was untimely under counsel's self-imposed deadline.  (*See id.*

at 4–5.)  Further, the court reasoned that the motion was problematic in form because it did not

comply with United States District Court for the District of Colorado Local Rule 54.3.  (*Id.* at

---

[1]As the court has previously noted, although the request was styled as one for an
extension of time, it was in reality a request for a reduction in time.  (Order and Mem. of Decision
at 4 [filed Mar. 23, 2007] [hereinafter "Order"].)  Under the Federal Rules of Civil Procedure,
Plaintiff Whitehead's motion was not due until March 13, 2007.  (*Id.*)

5–7.) Still further, the court underscored "glaring" mathematical errors in the declaration accompanying the motion, despite counsel's representations that the declaration was "true and correct." (*Id.* at 8.) Based on these errors, the court struck and refused to consider the declaration. (*Id.*) Finally, the court found that much of the information required to support a motion for attorney fees was improperly contained within the (stricken) declaration, rather than the motion itself, as the Local Rules require. (*Id.*) Plaintiff Whitehead now moves the court to reconsider this order. (Pl. Michael Whitehead's Mot. for Reconsideration of Order re: [sic] Mot. for Att'y's Fees [filed Apr. 2, 2007] [hereinafter "Pl.'s Mot."].)

On April 2, 2007, Plaintiff Whitehead filed his motion for reconsideration, arguing mainly that counsel attempted to file the motion for attorney fees in a timely fashion and with proper form, but inadvertently and excusably failed on both fronts. (*Id.*) On the same date, Plaintiff Whitehead filed a revised motion for attorney fees, seeking different sums than those he sought in his initial motion. (Pl. Michael Whitehead's Revised Mot. for Att'y's Fees [filed Apr. 2, 2007] [hereinafter "Fee Mot."].) Defendant did not respond to the motion for reconsideration, but moved for an extension of time to file its response to the revised motion for attorney fees. (Unopposed Mot. by Def. for Extension of Time to Submit Resp. to Pl. Michael Whitehead's Revised Mot. for Att'y's Fees, and Certificate of Compliance with D.C. COLO. LCIVR [sic] 7.1 [A] and 6.1[D] [filed Apr. 24, 2007] [hereinafter "Def.'s Mot."].) Defendant asserts that Plaintiff Whitehead failed to address all of the reasons the court denied his motion for attorney fees, warranting denial of the motion to reconsider. (*Id.*) Defendant reasons further that unless and

-4-

until the motion to reconsider is granted, it would be a waste of resources to respond to Plaintiff

Whitehead's revised motion for attorney fees.  (*Id.*)

## ANALYSIS

### *1.      Motion for Reconsideration*

Plaintiff Whitehead expressly seeks reconsideration under Federal Rules of Civil

Procedure 60(b)(1) and 60(b)(6).  (Pl.'s Mot. at 5.)  Rule 60(b) provides that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . .;
> [or] (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2007).  Plaintiff Whitehead makes no mention of mistake or surprise and,

instead, bases his motion exclusively on "inadvertent error and excusable neglect."  (Pl.'s Mot. at

5.)  Independent of the basis, relief under Rule 60 is "'extraordinary and may only be granted in

exceptional circumstances.'"  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)

(quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 [10th Cir. 1996]).  As the Tenth

Circuit has held, "Rule 60(b)(1) is not available to allow a party merely to reargue an issue

previously addressed by the court when the reargument merely advances new arguments or

supporting facts which were available for presentation at the time of the original argument."

*Cashner*, 98 F.3d at 577.  Similarly, a motion under Rule 60(b)(6) "is not a second opportunity

for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that

previously failed." *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124 (D. Colo.

2000).

Plaintiff Whitehead's instant motion is, in large part, a list of excuses why his initial motion for attorney fees was not filed in a timely manner. Plaintiff Whitehead asserts that his counsel "personally prepared" the fees motion, which was "complete and ready to be filed during the evening of March 6, [2007]." (Pl.'s Mot. at 3.) Plaintiff Whitehead explains that counsel "encountered several unexpected computer malfunctions . . . over the course of several hours" and was not able to file the motion until after midnight — that is, until March 7, 2007. (*Id.*) Plaintiff Whitehead asserts that: (1) his counsel's staff contacted this court; and (2) a court representative reported "she had never seen a motion get denied because it was filed after 12:00 a.m. on the due date, and [] staff ordinarily [did] not check the time a document [was] filed." (*Id.*, Ex. 4 ¶¶ 4–5 [Maiorana Aff.].) Plaintiff Whitehead maintains that, based on these representations from the court, counsel "decided that in this instance, a motion for extension of time to explain what had happened did not appear to be necessary or appropriate." (*Id.* at 4.) In making these arguments, Plaintiff Whitehead evidently ignores the court's *express* finding that "[e]ven if the court were to deem Plaintiff Whitehead's motion [for attorney fees] timely, it would still fail as a matter of form." (Order at 4.) Such is to say, the court denied Plaintiff Whitehead's fees motion for various reasons independent of timeliness. Indeed, the court assumed for the purposes of its decision that the motion *was* timely and went on to discuss several substantive problems with the motion's form, including improper support and clear error in the motion's supporting documents. (*Id.* at 6–9.) Thus, in this context, the question of timeliness is essentially moot and warrants no further discussion.

As to form, Plaintiff Whitehead asserts that his counsel "did not intentionally disregard the [c]ourt's instructions" and provided all of the information required under Local Rule 54.3 in attachments rather than in the motion itself.  (Pl.'s Mot. at 4.)  Plaintiff Whitehead explains that the problems in the motion's form were due to counsel's "inadvertent error and excusable neglect" and were "based only on a failure to understand the required format rather than a failure to include the required information."  (*Id.* at 5.)  Plaintiff Whitehead's arguments are unavailing. As the court noted in its order, Plaintiff Whitehead did *not* provide the information required under Rule 54.3.  The rule reads as follows:

> **A.**      **Motion Supported by Affidavit.**  Unless otherwise ordered by the court, a motion for attorney fees shall be supported by one or more affidavits.
>
> **B.**      **Content of Motion.**  A motion shall include the following for each person for whom fees are claimed:
>
>> 1.      a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and
>> 2.      a summary of relevant qualifications and experience.

D.C.COLO.L.CivR. 54.3 (2006).   Plaintiff Whitehead's fees motion satisfied none of the Rule's requirements.[2]  First, Plaintiff Whitehead supported the motion with a declaration, rather than an affidavit in violation of Rule 54.3A.  The court was quick to point out the difference between the

---

[2]The court underscored its lack of surprise at this failure, given counsel's numerous misinterpretations and mistakes of rules and laws.  (Order at 8 n.2.)  The court noted that "[t]hroughout the course of this action, the court [had], *inter alia*, admonished counsel's: (1) overt failure to comply with this court's practice standards; (2) brazen violation of the Federal Rules of Civil Procedure by attempting to amend Plaintiff Whitehead's complaint in summary judgment briefings; and (3) egregious misrepresentation of statutory interest rates."  (*Id.* [citing Order and Mem. of Decision at 5 n.3 (filed Sept. 22, 2005); Order and Mem. of Decision at 35 (filed Sept. 1, 2006); Order and Mem. of Decision at 19 (filed Feb. 13, 2007)].)

-7-

two.  By way of review, a "declaration" is "[a] formal statement, proclamation, or announcement, esp[ecially] one embodied in an instrument;" while an "affidavit" is "[a] voluntary declaration of facts written down *and sworn to by the declarant before an officer authorized to administer oaths.*"  BLACK'S LAW DICTIONARY 58, 415 (7th ed. 1999) (emphasis added).  The significance and importance of the document being sworn ought be obvious.

Next, and perhaps most problematically, Plaintiff Whitehead failed to satisfy Rule 54.3B1. Not only in form — Plaintiff Whitehead submitted his description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed as an exhibit, rather than as an integrated part of the motion as the rule requires — but also in substance.  (*See* Decl., Ex. 6 [Fee Summary], Attach. to Ex. 6 [Time Summary].)  As previously noted, the exhibit containing the aforementioned description was the only exhibit Plaintiff Whitehead's counsel declared to be "true and correct." (*Id.* ¶ 5.)  However, the exhibit reflected that the "first counsel listed in the summary charged an hourly rate of $225," despite the fact that even "a cursory review of the first two pages of the documentation submitted to substantiate this assertion reveal[ed] that said counsel charged at least three different rates — $125, $175, and $225 per hour."  (Order at 7; *see* Decl., Ex. 6 [Fee Summary], Ex. 6 Attach.  [Hours Summary].)  Still further, the exhibit reflected that the same counsel "worked 192.75 hours charging an hourly rate of $225, which counsel assert[ed] should total to $40,906.25," but "[r]elatively simple multiplication reveals that 192.75 times 225 equals a different sum: 43,368.75." (Order at 7.)  Finally, the court performed time-consuming calculations accounting for the time claimed and the three rates claimed, and still arrived at a different sum ($42,268.75) than that which Plaintiff Whitehead sought in his motion

($40,906.25).  (*Id.* at 7–8.)  The court struck the exhibit based on these "glaring errors" and posited that because the exhibit was the only attachment counsel swore to be true and correct, these misstatements "call[ed] the integrity of the entire declaration into question."  (*Id.* at 8.)  In his motion now before the court, Plaintiff Whitehead makes no attempt to alter the court's initial perception.  (*See* Pl.'s Mot.)  Indeed, Plaintiff Whitehead makes no mention whatsoever of the mathematical errors contained in the "true and correct" document.  (*See id.*)

Finally, Plaintiff Whitehead failed to follow Rule 54.3B2 in his initial motion for attorney fees.  As the court pointed out, rather than setting forth *relevant* information, as required under the rules, Plaintiff Whitehead attached: (1) printouts of certain counsel's entries under the "attorneys" link from the Carey Law Firm website; and (2) a one-page typed document reflecting that one of Plaintiff Whitehead's attorneys was "'married to [a] former Channel 10 news anchor,' and — depending on one's construction of the last two sentences in the document — ha[d] either four or five children."  (*Id.*)  The court expressed then — and repeats now — its wonderment as to how these qualifications and experiences could possibly be deemed "relevant" within the meaning of Local Rule 54.  (*Id.*)

This court is hard-pressed to find inadvertent error, given counsel's mistakes in: (1) following the timing aspect of Federal Rule 54; (2) following *every* aspect of Local Rule 54.3; and, perhaps most of all, (3) calculating the sums at the very core of the motion for attorney fees. Similarly, the court finds no excusable neglect.  "[N]eglect may be excusable [for instance] where the language of a rule is ambiguous or susceptible to multiple interpretations, or where an apparent conflict exists between two rules."  *Thomas v. Bd. of Educ.*, 177 F.R.D. 488, 491 (D.

-9-

Kan. 1997).  In this case, the relevant controlling rules are unambiguous, organized, established, plainly labeled, and not in apparent conflict with other rules.  *See id.* (finding that where rules are unambiguous and not in conflict, neglect is inexcusable and leniency toward disobedience to plain law is not warranted).  Moreover, if counsel did not understand exactly what it was that the rules required — especially under express order of the court to follow the rules precisely — counsel had an ethical obligation to study and comprehend them.[3]  Colorado Rule of Professional Conduct 1.1 reads as follows:

> If a lawyer has accepted employment in a matter beyond the lawyer's competence but in which the lawyer is expected to become competent, the lawyer should diligently undertake the work and study necessary to qualify.  In addition to being qualified to handle a particular matter, the lawyer's obligation to the client requires the lawyer to prepare adequately for and give appropriate attention to all legal work.

Colo. R. of Prof. Conduct 1.1, *available at* http://www.coloradosupremecourt.com (last visited Sept. 24, 2007).  To accept Plaintiff Whitehead's arguments set forth in his motion for reconsideration would be to give all attorneys a proverbial "second bite at the apple," thereby ignoring the Federal Rules, the Local Rules, and the Rules of Professional Conduct entirely, which this court is loath to do.  Further, accepting Plaintiff Whitehead's arguments would run wholly counter to the long-standing principle that "[a] [Rule 60(b)] motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously

---

[3]Defendant has stated on the record that had Plaintiff Whitehead's counsel given notice "concerning the problems with filing the [fees] motion, [D]efendant's counsel would not have contested a motion to allow late filing."  (Def.'s Mot. at 3.)

failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d

1484 (10th Cir. 1994).  The court's initial order stands.

**2.**     ***Revised Motion for Attorney Fees***

      The court now turns to Plaintiff Whitehead's separately-filed revised motion for attorney

fees.  The motion inspires floccinaucinihilipilification.[4]  Seeking fees in a different amount than

those he sought in his initial fees motion,[5] Plaintiff Whitehead: (1) sets forth the history of the

case; (2) explains that he was justified in seeking payment of benefits under Colorado law; (3)

maintains the fees sought are reasonable; (4) sets forth copious documentation as to counsel's

qualifications and hours spent on the case; and (5) asserts he has "established the bases for his

entitlement to attorney's fees" and "complied with the requirements of Fed.R.Civ. P. 54(d) [sic]

and D.C.COLO.LCivR 54.3 [sic]."  (Fee Mot. at 1–53.)  Unfortunately for Plaintiff Whitehead,

his last assertion is not true.  Federal Rule of Civil Procedure 54 requires that "[u]nless otherwise

provided by statute or order of the court, the motion [for attorney fees] must be filed no later than

[fourteen] days after entry of judgment."  Fed. R. Civ. P. 54(2)(b) (2007).  As the parties ought

be aware, final judgment entered in this case on February 27, 2007.  (Final J. [filed Feb. 27,

2007].)  Fourteen days from February 27, 2007 is Tuesday, March 13, 2007.  *See* ACADEMIC

---

    [4]Floccinaucinihilipilification is an act or instance of judging something to be worthless or trivial.  *See* WEBSTERS NEW MILLENNIUM DICTIONARY OF ENGLISH, PREVIEW EDITION (Barbara Kipfer, ed. 2007), *available at* http://dictionary.reference.com (last visited Sept. 21, 2007).

    [5]As the revised motion was filed under separate cover and requests different relief, the revised motion cannot logically serve as the subject of this court's *reconsideration*, as it appears Plaintiff Whitehead may have intended.  (*See* Pl.'s Mot. at 5.)

WEEKLY SCHOLAR 2006/2007 (Quo Vadis 2006).  Accordingly, in keeping with the Federal

Rules, March 13, 2007 would have been the due date for any motion for attorney fees Plaintiff

Whitehead wished to file, under normal circumstances.  (*See* Order at 4.)  Of course, in this case,

by order of this court — indeed, by Plaintiff Whitehead's own request for such an order —

Plaintiff Whitehead had "[up] to and including March 6, 2007" to file his fees motion.  (Min.

Order [filed Feb. 26, 2007].)  But no matter which deadline the court imposes, Plaintiff

Whitehead's April 2, 2007 filing cannot suffice.  (*See* Fee Mot.)

    For some reason the court simply cannot fathom, Plaintiff Whitehead has not: (1) obtained

leave of the court to file an amended motion for attorney fees; (2) obtained leave to file a fee

motion out of time; (3) moved the court to substitute his revised motion for his initial motion; or

(4) addressed these failures or the general issue of the motion's untimeliness.  (*See id.*)  The court

notes that it may only consider an untimely motion for attorney fees if the delay was a result of

excusable neglect.  *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226–27 (2d Cir. 2004);

*Thomas*, 177 F.R.D. at 489 (D. Kan. 1997).  As set forth above, "'inadvertence, ignorance of the

rules, or mistakes construing the rules do not usually constitute "excusable neglect."'"  *Thomas*,

177 F.R.D. at 489 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S.

380, 392 [1993]).  Here, Plaintiff Whitehead has not presented evidence or argument suggesting

that his late filing is the result of anything *other* than inadvertence, ignorance of the rules, or

mistakes construing the rules.  (*See* Fee Mot.)  In fact, it seems that Plaintiff Whitehead's initial

motion was problematic due to *exactly* these problems.  In his motion for reconsideration,

Plaintiff Whitehead refers to counsel's: (1) "inadvertent error and excusable neglect" in filing the

initial motion for attorney fees out of time; and (2) "failure to understand the required format" in filing the motion in an improper form.  (Pl.'s Mot. at 5.)  It is only Plaintiff Whitehead's prior failures that led to his filing the belated, amended fees motion.  (*Id.*)  Accordingly, the court cannot find that the delay in filing the amended motion was based on excusable neglect.  Plaintiff Whitehead's revised motion thus must fail.

*3.     Conclusion*

Based on the foregoing, it is therefore ORDERED that

1.      Plaintiff Whitehead's motion for reconsideration (#237) is DENIED.

2.      Plaintiff Whitehead's revised motion for attorney fees (# 238) is DENIED as inexcusably untimely.

Dated this 27th day of September, 2007

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge